**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

January 11, 2013

LETTER TO COUNSEL:

      RE:    *James Carroll for Gary Carroll v. Commissioner, Social Security Administration*;
                Civil No. SAG-11-2752

Dear Counsel:

      On September 26, 2011, the Plaintiff, James Carroll ("Plaintiff") on behalf of Gary Carroll ("Mr. Carroll"), petitioned this Court to review the Social Security Administration's final decision to deny Mr. Carroll's claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 19). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Mr. Carroll filed his claim on August 4, 2008, alleging disability beginning on July 17, 2006. (Tr. 143-49). His claim was denied initially on August 26, 2008, and on reconsideration on December 18, 2008. (Tr. 99-102, 107-08). A hearing was held on March 22, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 32-75). Following the hearing, on July 29, 2010, the ALJ determined that Mr. Carroll had not been disabled during the relevant time frame prior to his date last insured of December 1, 2006. (Tr. 12-28). The Appeals Council denied Mr. Carroll's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency. Mr. Carroll died in 2010, and Plaintiff filed this appeal on his behalf. (Tr. 163).

      The ALJ found that Mr. Carroll, prior to his date last insured, suffered from the severe impairments of late effects of cerebrovascular disease, heart disease, a history of kidney stones, Chrohn's disease, and post-traumatic arthritis, left SI joint. (Tr. 17). Despite these impairments, the ALJ determined that Mr. Carroll retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 29 CFR 404.1567(b) and described in Exhibit 17F, except the claimant could only perform occasional balancing and climbing of ladders, ropes, and scaffolds. The claimant could frequently perform all other postural activities. The claimant could only occasionally push/pull with his left upper extremity.

(Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that

*James Carroll v. Commissioner, Social Security Administration*
Civil No. SAG-11-2752
January 11, 2013
Page 2

Mr. Carroll could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 26-27).

Plaintiff presents two arguments on appeal: (1) that the RFC finding of light work was erroneous because weight was improperly assigned to the opinions of various medical sources; and (2) that the ALJ's adverse credibility finding was erroneous. Each argument lacks merit.

First, Plaintiff contends that the ALJ erroneously rejected the opinions of Mr. Carroll's treating physicians, Dr. Flowers and Dr. Divakaruni, and assigned too much weight to the opinion of non-examining physician Dr. Biddison. Those arguments are deficient. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence of record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In this case, the opinions of the two treating physicians were prepared on April 8, 2009 (Dr. Flowers) and March 10, 2010 (Dr. Divakaruni), well after the date last insured of December 1, 2006. (Tr. 865-69, 931-35). It is unclear from the record that Dr. Flowers even treated Mr. Carroll in or prior to 2006, because the first record showing his name is dated August, 2008 (Tr. 824). The reasons for affording controlling weight to a treating physician are inapplicable where that physician did not begin treating the claimant until several years after the relevant time frame. Any information Dr. Flowers had about Mr. Carroll's symptoms in 2006 would have been derived simply from anecdotal evidence. Moreover, the ALJ noted that Dr. Flowers's opinion was inconsistent with the objective medical evidence from the relevant period. (Tr. 21).

Dr. Divakaruni did treat Mr. Carroll for Crohn's disease during the relevant time frame. In January, 2006, Dr. Divakaruni noted that Mr. Carroll's disease "is in remission." (Tr. 859). In July, 2006, Dr. Divakaruni noted that Mr. Carroll "reports once in a while having abdominal cramps lasting up to an hour seems to occur after eating meal. Otherwise, he denies any other gastrointestinal active symptoms at this time." (Tr. 860). The next visit, shortly after the date last insured in February, 2007, documents that Mr. Carroll told Dr. Divakaruni "that his gastrointestinal and other symptoms are under control on the above regimen." (Tr. 862). The ALJ therefore appropriately concluded that "Dr. Divakaruni's residual functional capacity assessment fails to state that the claimant was disabled prior to his date last insured and the treatment records fail to support such a conclusion." (Tr. 21).

Plaintiff is correct that Dr. Biddison's report was a "checklist form" with only some explanation. However, the ALJ did not simply rest Mr. Carroll's RFC on the opinion of Dr. Biddison's RFC. Instead, the ALJ gave it "great weight" to the "extent that it is consistent with this decision's residual functional capacity assessment, which is based upon the totality of the evidence." (Tr. 20). It is clear from the opinion that the ALJ properly considered other evidence of record in reaching the RFC determination. I find the ALJ's assignment of weight to each medical source to be supported by substantial evidence.

Finally, Plaintiff contests the ALJ's adverse credibility finding. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as fatigue.

*Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. He determined that Mr. Carroll's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" (Tr. 19). However, he did not find Mr. Carroll's testimony as to the intensity, persistence, and limiting effects of his symptoms to be fully credible. *Id.*

In his credibility analysis, the ALJ provided a summary of Mr. Carroll's hearing testimony. (Tr. 18-19). He continued with a detailed review of the medical evidence for the period pre-dating Mr. Carroll's date last insured, December 1, 2006. (Tr. 19). Specifically, the ALJ found that Mr. Carroll's complaints were not documented in the medical records during the relevant time frame. (Tr. 19-20). The comprehensive analysis provided by the ALJ provides substantial evidence to support his credibility conclusion.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 17) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 19) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge